# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| DELMIS MOJICA-MENDOZA, ) | |
| ) | Civil Action No. 3:23-cv-00301 |
| Petitioner, ) | |
| ) | |
| vs. ) | United States Magistrate Judge |
| ) | Christopher B. Brown |
| WARDEN UNDERWOOD, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

### I.   Introduction

Presently pending is a petition for writ of habeas corpus filed by *pro se* Petitioner Delmis Mojica-Mendoza pursuant to 28 U.S.C. § 2241. (ECF No. 4). For the following reasons, the petition must be denied.

### II.   Relevant Background

On March 1, 2021, Delmis Mojica-Mendoza, a citizen of Mexico, pled guilty in the United States District Court for the Middle District of Florida (the "sentencing court") to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, one count of distribution and possession with intent to distribute 50 grams or more of methamphetamine, and one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. *United States v. Mojica-Mendoza*, Case No. 8:20-cr-276, Judgment  (M.D. Fl.), public docket, https://flmd-

ecf.sso.dcn/cgi-bin. On December 2, 2021, the sentencing court sentenced Mojica-Mendoza to a term of imprisonment of 135 months to be followed by term of supervised release of 60 months. *Id.* He is currently incarcerated at FCI-Loretto.[1] Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), Mojica-Mendoza's current projected release date is March 26, 2030.[2] (ECF 9-2; *see also* BOP Inmate Locator, https://www.bop.gov/inmateloc).

Mojica-Mendoza initiated this habeas action on December 11, 2023, pursuant to 28 U.S.C. § 2241. He asserts that the Federal Bureau of Prisons ("BOP") has improperly refused his request for a "nearer release transfer,"[3] and seeks a writ of habeas corpus compelling the BOP to transfer him. Mojica-Mendoza believes he is entitled to this transfer as an incentive associated with the First Step Act ("FSA"), First Step Act of 2018, Pub. L. No. 115-391, Title VI, § 601, 132 Stat. 5194, 5237 (2018).

---

[1]    FCI-Loretto is a federal correctional institution located within the territorial boundaries of the Western District of Pennsylvania. The Warden of FCI-Loretto is the proper Respondent in this action.

[2]    In the Answer, Warden Underwood asserts that Mojica-Mendoza's Good Conduct Time Release projected date is March 6, 2030. Answer, at p.2. However, the "Public Information Inmate Data" attached to the Answer indicates that as of 01-31-2024, Mojica-Mendoza's Good Conduct Time Release projected date is 03-26-2030. (ECF 9-2, at p. 2). Moreover, the BOP Inmate Locator also reflects a projected release date of 03/26/2030. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc.

[3]    A "nearer release transfer" is a transfer to an institution closer to the prisoner's release residence. Here, Mojica-Mendoza seeks to be transferred to an institution in California. (ECF No. 4-1)

Respondent Warden Underwood counters that (1) Mojica-Mendoza has not exhausted his administrative remedies and (2) this Court lacks jurisdiction to consider an internal BOP transfer. (ECF No. 9). Mojica-Mendoza, in his reply, asserts that (1) he timely placed his appeal in the prison mail system and any delay in Central Office receiving the appeal should not be attributable to him and (2) this Court has jurisdiction because BOP is failing to follow an Act of Congress. (ECF No. 11).

This matter is fully briefed and ripe for disposition.[4]

## III. Discussion

Warden Underwood maintains that Mojica-Mendoza's petition fails for two reasons. Warden Underwood first asserts that the petition should be dismissed for lack of jurisdiction because Mojica-Mendoza has failed to exhaust his administrative remedies.[5] Warden Underwood also asserts that this Court lacks subject matter jurisdiction to consider an internal BOP transfer.

---

[4] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. ECF Nos. 7 and 12. The case was reassigned to the undersigned on July 3, 2024. *See* Administrative Order 2024-07, No. 2:24-mc-10001.

[5] Warden Underwood's argument that the Court does not have jurisdiction because Mojica-Mendoza did not exhaust his administrative remedies is incorrect. Exhaustion is not a jurisdictional limitation; rather, if a prisoner fails to exhaust their administrative remedies before filing a petition for habeas corpus under § 2241, the prisoner commits a procedural default which bars review absent a showing of cause and prejudice. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Sutton v. Moser*, No. 19-cv-210, 2019 WL 2743959, *3 n.4 (W.D. Pa. July 1, 2019) (stating that "[t]he requirement that a federal prisoner exhaust his administrative remedies is not a jurisdictional requirement . . . ."; *cf. Munchinski v. Wilson*, 807 F.Supp.2d 242 (W.D. Pa. 2011), *aff'd*, 694 F.3d 308 (3d

The Court will address each of Warden Underwood's arguments in turn.

A.  <u>The administrative exhaustion argument raised by Warden Underwood is not properly before the Court at this time</u>

While there is no statutory exhaustion requirement attached to § 2241, the Court of Appeals for the Third Circuit has consistently applied an exhaustion requirement to claims brought under § 2241. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citations omitted).  The exhaustion doctrine promotes a number of goals:  (1) fosters administrative autonomy by providing the BOP with the opportunity to correct its own errors before the federal court becomes involved; (2) conserves judicial resources by permitting the BOP to grant the relief requested if such relief is warranted; and (3) facilitates judicial review, in the event that such review is ultimately required, by allowing the BOP the opportunity to develop a factual record and apply its expertise.  *See, e.g., Moscato,* 98 F.3d at 761-62.

In order to exhaust administrative remedies, a federal prisoner must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations.  *See generally* 28 C.F.R. §§ 542.10 – 542.19. Under these regulations, a prisoner shall first attempt informal resolution of his complaint by addressing the matter with a member of their Unit Team and, if the prisoner is unable to resolve his complaint informally, he shall submit a formal, written request to the Warden of his institution.  28 C.F.R. §§

---

Cir. 2012) (finding "[e]xhaustion is not a jurisdictional limitation" in a state petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254).

542.13 - 542.14.  If the prisoner is not satisfied with the Warden's response, the prisoner shall submit an appeal to the Regional Director within 20 days of the date of the Warden's response.  § 542.15(a).  And, finally, if the prisoner is not satisfied with the Regional Director's response, then the prisoner shall file an appeal to the Office of the General Counsel, located in the BOP Central Office, within 30 days of the date of the Regional Director's response.  *Id.*  An appeal to the Office of General Counsel is the final administrative appeal.  *Id.*  A prisoner is not deemed to have exhausted administrative remedies until the appeal has been pursued at all levels.

Because federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241, a prisoner's failure to exhaust will generally preclude federal judicial review, unless the prisoner can show cause for the default and prejudice from the alleged violation of his rights.  *See Moscato*, 98 F.3d at 760-61 (explaining that a petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy process constitutes a procedural default and thus bars judicial review); *Johnson v. Pinchak*, 392 F.3d 551, 563 (3d Cir. 2004) (recognizing that "[a] procedural default generally bars review of a federal habeas petition absent a showing of cause and prejudice").

Here, the record reflects that Mojica-Mendoza submitted an Informal Resolution Form stating that his request for transfer closer to his home had been denied improperly.  (ECF No. 4-1, p. 10).  Mojica-Mendoza was informed that "inmates with a lodged ICE detainer are not considered for nearer release purposes

per Program Statement 5100.8, <u>Inmate Security and Designation and Custody Classification</u>." *Id.*

Mojica-Mendoza then filed a formal complaint with the Warden, which was denied:

> A review of this matter reveals, according to your Pre-Sentence Investigative Report and other documentation, you are a Mexican citizen. As such, you have a Public Safety Factor of Alien. Furthermore, Immigration and Customs Enforcement (ICE) have lodged a detainer on your behalf for possible deportation. As per Program Statement 5100.8, <u>Inmate Security and Designation and Custody Classification,</u> "Inmates with an Order for Deportation, an Order for Removal, an ICE detainer for an unadjudicated offense(s), or an ICE detainer for a hearing will not be transferred for nearer release purposes since they will be returning to the community outside, rather than inside, the United States upon release."

*Id.* at pp. 8 and 9. Mojica-Mendoza timely appealed to the Regional Director. That appeal was denied and Mojica-Mendoza was again informed that,

> Inmates with an Order for Deportation, an Order for Removal, an ICE detainer for an unadjudicated offense(s), or an ICE detainer for a hearing will not be transferred for nearer release purposes since they will be returning to the community outside, rather than inside, the United States upon release.
>
> A review of your appeal reveals the Warden adequately addressed your concerns. You have a detainer lodged by Immigration and Customs Enforcement (ICE). In addition, the U.S. Department of Homeland Security has determined probable cause exists that you are a removable non-citizen. As such, you are not eligible for a nearer release transfer. Accordingly, your appeal is denied.

Response of Regional Director, 8/28/2023. ECF No. 4-1, pp. 6 and 7. Mojica-Mendoza appealed the Response to the Office of General Counsel. The appeal has a handwritten date of August 21, 2023; however, it was not received by the Office of General Counsel until October 10, 2023. *Id.* at p. 3. On October 23, 2023, the Office of General Counsel rejected the appeal on three grounds:

> REJECT REASON 1: Your appeal is untimely. Central Office appeals must be received within 30 days of the Regional Director's response. This time limit includes mail time.
>
> REJECT REASON 2: Provide staff verification stating reason untimely filing was not your fault.
>
> REJECT REASON 3: You did not provide a copy of your Regional Office Administrative remedy appeal (BP-10) form or a copy of the (BP-10) response from the Regional Director.

*Id.* Mojica-Mendoza firmly denies that he submitted his final appeal in an untimely manner. He states that he placed the appeal in the prison mail system in a timely manner and "[t]he reason [the appeal] arrived late is beyond his control." (ECF 11 at p. 2). In support, he has submitted his own Declaration, setting forth various statements, under the penalty of perjury, that,

> I received my BP-10 response to remedy 1161465, and promptly responded to the BP-10, and filed my BP-11 by placing the BP-11 in the prison mail system, postage prepaid, USPS First-Class, properly addressed to the Bureau of Prisons, Central Office, 320 First St, NW, Washington, DC 20534, on August 21, 2023.

(ECF No. 11, at p. 8). Warden Underwood has not addressed this Declaration or any of the allegations that are contained therein.

Accordingly, based upon this record, the Court is constrained to find that the exhaustion argument raised by Warden Underwood is not properly before the Court at this time. In an abundance of caution, the Court will proceed by addressing Warden Underwood's remaining argument concerning the merits of the instant § 2241 petition.

> B. <u>The Court does not have subject matter jurisdiction to review the denial of Mojica-Mendoza's request for a nearer release transfer</u>

Mojica-Mendoza asserts that the BOP is improperly denying him a "Nearer Release Transfer." According to BOP Program Statement 5100.8, a "[n]earer release transfer" moves a federal prisoner closer to his or her legal residence or release designation, consistent with the prisoner's security level. *See* BOP Program Statement 5100.08, <u>Inmate Security and Designation & Custody Classification</u>, ch.7, p. 4 ¶ 2 (2006).[6]

Mojica-Mendoza argues that the FSA included a mandate that the BOP is required to provide incentives to prisoners who participate in and complete evidence-based recidivism reduction programs ("EBRR"), including a transfer to a prison closer to home. 18 U.S.C. § 3632(d)(2).  Mojica-Mendoza argues that although he has successfully participated and completed an EBRR program, the BOP has refused his request for a "nearer release" transfer. In connection with this argument, Mojica-Mendoza requests that the Court order Warden Underwood to transfer him to a correctional facility in California so he can be closer to his family.

---

[6]     This program statement is available at https://www.bop.gov/policy/progstat/5100_008.pdf.

Warden Underwood argues that Mojica-Mendoza's claim is without merit because (1) he is ineligible for a "nearer release" transfer and (2) this Court lacks subject matter jurisdiction to consider the claim. The Court agrees.

First, Program Statement 5100.08 specifically precludes "nearer release" transfers for "[i]nmates with an Order for Deportation, an Order of Removal, an ICE detainer for an unadjudicated offense(s) or an ICE detainer for a hearing since they will be returning to the community outside, rather than inside, the United States upon release." Here, the United States Immigration and Customs Enforcement (ICE) lodged a detainer against Petitioner on August 27, 2020. (ECF 9-4). The Immigration Detainer notes that Mojica-Mendoza is a citizen of Mexico and that a final order of removal exists. *Id.* Thus, BOP has determined that Mojica-Mendoza is not eligible for a nearer release transfer as he will not be released into the United States. Mojica-Mendoza argues, without providing any support, that an ICE detainer does not preclude a prisoner from receiving FSA incentives.

Second, 18 U.S.C. § 3621(b) generally governs the BOP's authority to determine the place of incarceration for federal prisoners. Section 3621(b), as amended by the FSA, provides, in relevant part, as follows:

> **(b) Place of imprisonment**.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the

> prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

18 U.S.C. § 3621(b).  Fatal to Mojica-Mendoza's request, however, is that § 3621(b) also provides that, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [Section 3621(b)] is not reviewable by any court." 18 U.S.C. § 3621(b). In other words, Congress has divested federal courts of jurisdiction to review the BOP's designation of a federal prisoner's place of incarceration. *See United States v. Holloway*, No. 20-3532, 2022 WL 216976, at *2 (3d Cir. Jan. 25, 2022) (unpublished) (explaining that the district court had "aptly observed [that] the place of imprisonment is committed to the BOP's <u>unreviewable</u> discretion under 18 U.S.C. § 3621(b) . . . " (emphasis added)).

Mojica-Mendoza essentially is challenging the BOP's decision to deny his transfer request.  However, this Court does not have jurisdiction to provide the relief sought.  As noted above, the FSA stripped courts of jurisdiction to second-guess the BOP's designation of inmates. Thus, this Court does not have subject matter jurisdiction to review the BOP's decision to deny Mojica-Mendoza's transfer request.

C.  <u>To the extent Mojica-Mendoza has raised an Equal Protection claim, such claim is without merit.</u>

Finally, to the extent that Mojica-Mendoza argues that the denial of his request for a nearer release transfer is a violation of his Equal Protection rights, the

claim lacks merit as it survives a rational-basis review.[7] "Rational-basis review is appropriate because the classification of prisoners based on whether they have ICE detainers is not a suspect classification." *Donaldson v. Tripp*, No. 5:16-HC-2275, 2018 WL 3946560 (E.D.N.C. July 3, 2018) (citing *Carvajal v. Tombone*, 31 F. App'x 155 (5th Cir. 2001)). Nor does this claim involve a fundamental right. Applying rational-basis review, the Court finds that Mojica-Mendoza's equal protection claim fails. Prison officials do not offend equal protection principles by excluding prisoners from programs based on substantive differences such as security classifications or detainers. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012); *Mclean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999); *Martinez v. United States,* Crim. No. 2: 13-cr-122, 2021 WL 513494, *5 n.4 (E.D. Va. Nov. 3, 2021). Moreover, BOP Program Statement 100.08 states the reason why prisoners with ICE detainers are excluded from nearer release transfer: "[i]nmates with an Order for Deportation, an Order of Removal, an ICE detainer . . . will not be transferred for nearer release purposes since they will not be returning to the community outside, rather than inside, the United States upon release." Because a rational basis exists for excluding prisoners with ICE detainers from being eligible for nearer release transfer, Mojica-Mendoza's equal protection claim must fail.

---

[7] The Court notes that Warden Underwood did not address this argument in its Answer.

## III.    Conclusion[8]

For the foregoing reasons, Mojica-Mendoza's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.  An appropriate Order follows.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

Dated:  August 2, 2024


cc:     **DELMIS MOJICA-MENDOZA**
        73782-018
        LORETTO
        FEDERAL CORRECTIONAL INSTITUTION
        Inmate Mail/Parcels
        P.O. BOX 1000
        CRESSON, PA 16630
        (via U.S. First Class Mail)

        **Samantha Stewart**
        DOJ-USAO
        (via ECF electronic notification)

---

[8] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement, the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 111807, at *5 n.6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 29 U.S.C. § 2253(c)(1)(B).